Jimmy Ray **PATTERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–00–01148–CR, 01–00–01149–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 29, 2002.

Frances Northcutt, Houston, for appellant.

Shirley Cornelius, Asst. Dist. Atty., Harris County, Houston, for the State.

Panel consists of Justices MIRABAL, HEDGES, and JENNINGS.

## OPINION

ADELE HEDGES, Justice.

In two separate causes, appellant was indicted for the offense of aggravated kidnapping. After he pleaded not guilty, the causes were tried together to a jury. In each cause, the jury found appellant guilty and assessed punishment at 25 years confinement. We affirm.

## Background

On July 27, 1999, appellant was caring for his two children. On August 2, appellant called his ex-wife, the complainant, and said he would never return the children unless she reconciled with appellant; otherwise, he would kill the children and himself.

On August 6, Officer Ung met with the complainant, who told Ung that appellant wanted her to come back, and if she did not, he would hurt or kill the children. David Raney, the complainant's friend, overheard appellant tell the complainant that he would not return the girls unless the complainant came back to him. During the conversation, the complainant promised that she would not call the police, and that they would try and work things out.

On August 7, appellant told the complainant to meet him to retrieve the children. Appellant stated that he would not

return the children if she called the police. He also asked whether they could reconcile, and, the complainant agreed to work on their marriage.

The complainant and appellant finally met at a Whataburger restaurant. Before releasing the children, appellant walked to the complainant's car and asked if she had called the police. She said no, and he released the children. According to the complainant, appellant's decision to release the girls was based on two conditions: (1) she would reconcile with appellant; and (2) she would not call the police.

After the girls had entered the complainant's car, the oldest child heard appellant ask the complainant to swear that she had not called the police. Appellant, who was standing outside, shut the car door after the complainant so swore. Seconds later, appellant opened the door again and said, "You swear to God that you didn't call the police?" The complainant said, "I swear to God," and then drove away. Later, appellant surrendered to police.

In four points of error, appellant argues that: (1) he voluntarily released the children in a safe place as a matter of law; (2) the jury's answers regarding whether appellant voluntarily released the children in a safe place resulted in a manifest injustice; and (3) the trial court erred in admitting an extraneous assault conviction.

### Voluntary Release

In his first point of error, appellant argues that he established, as a matter of law, that he voluntarily released the children in a safe place. In his second point of error, he argues that the jury's answers as to whether he voluntarily released the children in a safe place resulted in a manifest injustice.

When a defendant seeks appellate review of a jury's failure to make a finding on which the defendant has the burden of proof, such as on an affirmative defense, the defendant invokes our factual review jurisdiction. *Naasz v. State*, 974 S.W.2d 418, 421 (Tex.App.-Dallas 1998, pet. ref'd). In this case, appellant asks us to review the jury's failure to find that he voluntarily released the children. Appellant had the burden to prove this defensive issue by a preponderance of the evidence. TEX. PEN.CODE ANN. § 20.04(d) (Vernon Supp.2002). Thus, we review this point of error by the familiar factual sufficiency standard. We must decide if, after considering all the relevant evidence to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim.App.2000).

If, at the punishment phase of an aggravated kidnapping trial, the defendant proves by a preponderance of the evidence that he "voluntarily" released the victim in a safe place, the offense is reduced to a second degree felony. TEX. PEN.CODE ANN. § 20.04(d). The Legislature did not define voluntarily within section 20.04(d).

Texas appellate courts have the duty to interpret the laws enacted by our State Legislature. TEX. CONST. art. II, § 1; *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). To carry out this duty, this Court must attempt to discern the collective intent or purpose of the legislators who enacted the legislation. "[W]e necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Boykin*, 818 S.W.2d at 785. When reviewing the literal text of a statute, this Court will read the words and phrases of the statute in context and construe them "according to the rules of grammar and common usage." TEX.

Gov'т.Code Ann. § 311.011(a) (Vernon 1998). When the meaning of the text of a statute should have been plain to the legislators who voted on it, "we ordinarily give effect to that meaning." *Boykin*, 818 S.W.2d at 785. "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim.App.1991).

In *Oestrick v. State*, the Austin Court of Appeals was confronted with the question of the proper meaning of voluntarily within section 20.04(d). 939 S.W.2d 232, 239 (Tex.App.-Austin 1997, pet. ref'd). The court presumed that the legislature intended the term voluntarily be given its ordinary meaning. *Id.* The court noted the definition of voluntary as: acting of oneself: not constrained, impelled, or influenced by another. *Id.* (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2564 (Phillip B. Gove ed., 1986)). It also noted the following definitions: resulting from free choice, without compulsion or solicitation. *Id.* (citing BLACK'S LAW DICTIONARY 1575 (6th ed.1990)).

■ Given the plain meaning of voluntary, as noted in *Oestrick*, we review the sufficiency of the evidence. We note that an action cannot be voluntary if it is conditioned upon an act of another. In this case, there was controverting evidence of whether appellant placed conditions upon his release of the children. Three witnesses testified that appellant required the complainant to promise that she would reconcile with him and that she would refrain from calling the police. Appellant contradicted that testimony when he testified that he never made the complainant promise not to call the police. He testified that he told the complainant that he did not want the police at the drop off location because he did not want a confrontation. He also testified that he did not want to reconcile with the complainant.

■ The jury is the sole trier of fact and may judge the credibility of witnesses, reconcile conflicts in testimony, and accept or reject any evidence presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim.App.1991). The jury was free to disbelieve appellant's statement that his release of the children was unconditional and find that he released the children only if certain conditions were satisfied. Based on the plain meaning of the term voluntary, the jury could have rationally determined that appellant's release of the children was involuntary because his decision to release them was influenced by and conditioned on the complainant's acts. Appellant essentially held the children to be released upon payment of a form of ransom; in this case, the promises to reconcile and not inform the police. Accordingly, we conclude that there is factually sufficient evidence supporting the jury's finding that appellant did not voluntarily release the children. After reviewing all the evidence, we hold that the judgment is not against the great weight and preponderance of the evidence so as to be manifestly unjust.

We overrule appellant's first and second points of error.

### Extraneous Offense

In his third and fourth points of error, appellant argues that his prior conviction of misdemeanor assault was improperly admitted. Before appellant testified during the guilt/innocence stage of trial, a hearing was held to determine which of appellant's convictions could be used to impeach him. During the hearing, appellant argued that a February 1992 conviction was inadmissible based on the balanc-

ing test within Rule of Evidence 609.[1] The trial court held that the February 1992 conviction was admissible for impeachment purposes.

On appeal, appellant now argues that the use of the assault conviction as a crime of moral turpitude for impeachment purposes violates the Federal Equal Protection Clause[2] and the Texas Equal Rights Amendment.[3]

■ We note that the complaint on appeal must comport with the trial objection or nothing is presented for review. *Fuller v. State*, 827 S.W.2d 919, 928 (Tex.Crim. App.1992). Here, the argument on appeal does not comport with the trial objection. Thus, appellant has waived these points of error. TEX.R.APP. P. 33.1.

We overrule appellant's third and fourth points of error.

### Conclusion

We affirm the judgment of the trial court.

---

1. Rule 609 Impeachment by Evidence of Conviction of Crime: (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party. TEX.R. EVID. 609.

2. U.S. CONST. amend. XIV.

3. TEX. CONST. art. I, § 3a.