In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-00-01148-CR
           01-00-01149-CR
____________

JIMMY RAY PATTERSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause Nos. 842268 & 842269




OPINION AFTER REMAND
          In two separate causes, appellant was indicted for the offense of aggravated
kidnapping. After he pleaded not guilty, the causes were tried together to a jury. In
each cause, the jury found appellant guilty, failed to find that he released the kidnap
victims in a safe place, and assessed punishment at 25 years’ confinement. On
August 29, 2002, this Court affirmed the judgment of the trial court. Patterson v.
State, 84 S.W.3d 826 (Tex. App.—Houston [1st Dist.] 2002). Appellant sought
discretionary review of the construction of the term “voluntary” with regard to
whether he voluntarily released the victims in a safe place. Tex. Pen. Code Ann. §
20.04(d) (Vernon 2003). On March 12, 2003, the Court of Criminal Appeals vacated
this Court’s judgment and remanded the cause for reconsideration. Patterson v. State,
99 S.W.3d 625 (Tex. Crim. App. 2003). The Court of Criminal Appeals explained
that, at the time the court of appeals decided this case, it did not have the benefit of
Brown v. State, 98 S.W.3d 180 (Tex. Crim. App. 2003), which addressed the meaning
of “voluntarily” in Section 20.04(d). After reconsideration in light of Brown, we
reverse and remand.
Background
          On July 27, 1999, appellant was caring for his two children. On August 2,
appellant called his ex-wife, the complainant, and said he would never return the
children unless she reconciled with him. If she refused, he would kill the children
and himself. 
          On August 6, Officer Ung met with the complainant, who told Ung that
appellant wanted her to come back, and if she did not, he would hurt or kill the
children. David Raney, the complainant’s friend, overheard appellant tell the
complainant that he would not return the girls unless the complainant came back to
him. During the conversation, the complainant promised that she would not call the
police, and that she would try and work things out with appellant. 
          On August 7, appellant told the complainant to meet him to retrieve the
children. Appellant stated that he would not return the children if she called the
police. He also asked whether they could reconcile. The complainant agreed to work
on their marriage. 
          The complainant and appellant finally met at a Whataburger restaurant. Before
releasing the children, appellant walked to the complainant’s car and asked if she had
called the police. She said no, and he released the children. According to the
complainant, appellant’s decision to release the girls was based on the following two
conditions: (1) her promise that she would reconcile with appellant; and (2) her
promise that she would not call the police.
          After the girls had entered the complainant’s car, the oldest child heard
appellant ask the complainant to swear that she had not called the police. After the
complainant so swore, appellant, who was standing outside, shut the car door. 
Seconds later, appellant opened the door again and said, “You swear to God that you
didn’t call the police?” The complainant said, “I swear to God,” and then drove
away. Later, appellant surrendered to police. 
          In four issues, appellant argues that: (1) he voluntarily released the children in
a safe place as a matter of law; (2) the jury’s answers regarding whether appellant
voluntarily released the children in a safe place resulted in a manifest injustice; and
(3) the trial court erred in admitting an extraneous assault conviction in violation of
the Federal Equal Protection Clause and the Texas Equal Rights Amendment. 
Voluntary Release
          In his first issue, appellant argues that he established, as a matter of law, that
he voluntarily released the children in a safe place. In his second issue, he argues that
the jury’s answers as to whether he voluntarily released the children in a safe place
resulted in a manifest injustice. 
          When a defendant seeks appellate review of a jury’s failure to make a finding
on which the defendant has the burden of proof, such as on an affirmative defense,
the defendant invokes our factual-sufficiency review jurisdiction. Naasz v. State, 974
S.W.2d 418, 421 (Tex. App.—Dallas 1998, pet. ref’d). Because we have no legal-sufficiency review jurisdiction, we overrule appellant’s first issue. 
          Next, appellant asks us to review the jury’s failure to find that he voluntarily
released the children in a safe place. Appellant had the burden to prove this defensive
issue by a preponderance of the evidence. Tex. Pen. Code Ann. § 20.04(d) (Vernon
2003). Thus, we review this issue by the factual sufficiency standard. We must
decide if, after considering all the evidence relevant to the issue at hand, the judgment
is so against the great weight and preponderance of the evidence so as to be
manifestly unjust. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).
          If, at the punishment phase of an aggravated kidnapping trial, the defendant
proves by a preponderance of the evidence that he “voluntarily” released the victim
in a safe place, the offense is reduced to a second degree felony. Tex. Pen. Code
Ann. § 20.04(d). The Legislature did not define the term “voluntarily” within section
20.04(d). Under a “broad interpretation,” an act is voluntary “only if it was the
spontaneous product of the actor’s free will, uninfluenced by another’s persuasion,
coercion, or solicitation.” Brown, 98 S.W.3d at 187. The Court of Criminal Appeals
explained that this broad interpretation is inconsistent with the plain language of
Section 20.04(d), which provides an incentive to kidnappers to release their kidnap
victims. Id. The Court rejected the broad interpretation, and instead adopted a
narrow interpretation, such as the absence of rescue by the police [or others] or escape
by the victim, which would be more likely to effectuate the legislative purpose of
Section 20.04(d) of encouraging kidnappers to release their kidnap victims. Id. at
188. 
          The Brown Court also rejected construction of the legislatively-undefined term
“voluntarily” in Section 20.04(d) in accordance with the legislatively-defined term
“voluntary” in Texas Penal Code, Section 15.04, which contains the “general
renunciation defense.” Id. at 187. “Renunciation is not voluntary if it is motivated
in whole or in part . . . by circumstances not present or apparent at the inception of
the actor’s course of conduct that increase the probability of detection or
apprehension or that make more difficult the accomplishment of the objective.” Id.
at 187-88 (citing Tex. Pen. Code Ann. § 15.04(c)(1) (Vernon 2003)). This, too,
would be inconsistent with Section 20.04(d)’s purpose of providing an incentive to
kidnappers to release their kidnap victims, because a kidnapper who releases his
victim under circumstances not present or apparent at the time of the kidnapping
would not have the incentive provided in Section 20.04(d) to release his captive. Id.
at 188. 
          In this case, there was controverting evidence of whether appellant placed
conditions upon his release of the children. Three witnesses testified that appellant
required the complainant to promise that she would reconcile with him and that she
would refrain from calling the police. Appellant contradicted that testimony when
he testified that he never made the complainant promise not to call the police. He
testified that he told the complainant that he did not want the police at the drop-off
location because he did not want a confrontation. He also testified that he did not
want to reconcile with the complainant.
          In our opinion before remand, we held that an action cannot be voluntary if it
is conditioned upon an act of another. Patterson, 84 S.W.3d at 829. Based on the
plain meaning of the term voluntary, we held that the jury could have rationally
determined that appellant’s release of the children was involuntary because his
decision to release them was influenced by and conditioned on the complainant’s
acts—her promises to reconcile and not to inform the police. Id. Thus, we held that
the evidence was factually sufficient to support the jury’s finding that appellant did
not voluntarily release the children. Id. 
          However, based on the remand instructions from the Court of Criminal
Appeals, we now hold that the evidence was factually insufficient to support the
jury’s finding that appellant did not voluntarily release the children. This narrow
interpretation of the term “voluntarily,” is more likely to effectuate the legislative
purpose of Section 20.04(d) of encouraging kidnappers to release their kidnap
victims. See Brown, 98 S.W.3d at 188. 
          We sustain appellant’s second issue.
Extraneous Offense
          In his third and fourth issues, appellant argues that his prior conviction of
misdemeanor assault was improperly admitted. 
          Before appellant testified during the guilt/innocence stage of trial, a hearing
was held to determine which of appellant’s convictions could be used to impeach
him. During the hearing, appellant argued that a February 1992 conviction was
inadmissible based on the balancing test within Rule of Evidence 609. The trial court
held that the February 1992 conviction was admissible for impeachment purposes. 
          On appeal, appellant now argues that the use of the assault conviction as a
crime of moral turpitude for impeachment purposes violates the Federal Equal
Protection Clause and the Texas Equal Rights Amendment. U.S. Const. amend.
XIV; Tex. Const. art. I, § 3a. 
          We note that the complaint on appeal must comport with the trial objection or
nothing is presented for review. Because appellant’s argument on appeal does not
comport with his trial objection, he has waived these issues. Tex. R. App. P. 33.1. 
          We overrule appellant’s third and fourth issues.
Conclusion
          We reverse the judgment of the trial court as to punishment only and remand
the cause for a new punishment hearing.


                                                                                  Adele Hedges
                                                                                  Justice
Panel consists of Justices Hedges, Nuchia, and Keyes.
Publish. Tex. R. App. P. 47.2(b).