**Jimmy Ray PATTERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–00–01148–CR, 01–00–01149–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 19, 2003.

Rehearing Overruled Sept. 18, 2003.

Discretionary Review Dismissed
Feb. 18, 2004.

Frances Northcutt, Houston, for appellant.

Shirley Cornelius, Assistant District Attorney—Harris County, Houston, for appellee.

Panel consists of Justices HEDGES, NUCHIA, and KEYES.

## OPINION AFTER REMAND

ADELE HEDGES, Justice.

In two separate causes, appellant was indicted for the offense of aggravated kidnapping. After he pleaded not guilty, the causes were tried together to a jury. In each cause, the jury found appellant guilty, failed to find that he released the kidnap victims in a safe place, and assessed punishment at 25 years' confinement. On August 29, 2002, this Court affirmed the judgment of the trial court. *Patterson v. State,* 84 S.W.3d 826 (Tex.App.-Houston [1st Dist.] 2002). Appellant sought discretionary review of the construction of the term "voluntary" with regard to whether he voluntarily released the victims in a safe place. TEX. PEN.CODE ANN. § 20.04(d) (Vernon 2003). On March 12, 2003, the Court of Criminal Appeals vacated this Court's judgment and remanded the cause for reconsideration. *Patterson v. State,* 99 S.W.3d 625 (Tex.Crim.App.2003). The Court of Criminal Appeals explained that, at the time the court of appeals decided this case, it did not have the benefit of *Brown v. State,* 98 S.W.3d 180 (Tex.Crim. App.2003), which addressed the meaning of "voluntarily" in Section 20.04(d). After reconsideration in light of *Brown,* we reverse and remand.

## Background

On July 27, 1999, appellant was caring for his two children. On August 2, appellant called his ex-wife, the complainant, and said he would never return the children unless she reconciled with him. If she refused, he would kill the children and himself.

On August 6, Officer Ung met with the complainant, who told Ung that appellant wanted her to come back, and if she did not, he would hurt or kill the children. David Raney, the complainant's friend, overheard appellant tell the complainant that he would not return the girls unless the complainant came back to him. During the conversation, the complainant promised that she would not call the police, and that she would try and work things out with appellant.

On August 7, appellant told the complainant to meet him to retrieve the children. Appellant stated that he would not return the children if she called the police. He also asked whether they could reconcile. The complainant agreed to work on their marriage.

The complainant and appellant finally met at a Whataburger restaurant. Before releasing the children, appellant walked to the complainant's car and asked if she had called the police. She said no, and he released the children. According to the complainant, appellant's decision to release the girls was based on the following two conditions: (1) her promise that she would reconcile with appellant; and (2) her promise that she would not call the police.

After the girls had entered the complainant's car, the oldest child heard appellant ask the complainant to swear that she had not called the police. After the com-

plainant so swore, appellant, who was standing outside, shut the car door. Seconds later, appellant opened the door again and said, "You swear to God that you didn't call the police?" The complainant said, "I swear to God," and then drove away. Later, appellant surrendered to police.

In four issues, appellant argues that: (1) he voluntarily released the children in a safe place as a matter of law; (2) the jury's answers regarding whether appellant voluntarily released the children in a safe place resulted in a manifest injustice; and (3) the trial court erred in admitting an extraneous assault conviction in violation of the Federal Equal Protection Clause and the Texas Equal Rights Amendment.

## Voluntary Release

In his first issue, appellant argues that he established, as a matter of law, that he voluntarily released the children in a safe place. In his second issue, he argues that the jury's answers as to whether he voluntarily released the children in a safe place resulted in a manifest injustice.

When a defendant seeks appellate review of a jury's failure to make a finding on which the defendant has the burden of proof, such as on an affirmative defense, the defendant invokes our factual-sufficiency review jurisdiction. *Naasz v. State*, 974 S.W.2d 418, 421 (Tex.App.-Dallas 1998, pet. ref'd). Because we have no legal-sufficiency review jurisdiction, we overrule appellant's first issue.

Next, appellant asks us to review the jury's failure to find that he voluntarily released the children in a safe place. Appellant had the burden to prove this defensive issue by a preponderance of the evidence. TEX. PEN.CODE ANN. § 20.04(d) (Vernon 2003). Thus, we review this issue by the factual sufficiency standard. We

must decide if, after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App.2000).

If, at the punishment phase of an aggravated kidnapping trial, the defendant proves by a preponderance of the evidence that he "voluntarily" released the victim in a safe place, the offense is reduced to a second degree felony. TEX. PEN.CODE ANN. § 20.04(d). The Legislature did not define the term "voluntarily" within section 20.04(d). Under a "broad interpretation," an act is voluntary "only if it was the spontaneous product of the actor's free will, uninfluenced by another's persuasion, coercion, or solicitation." *Brown*, 98 S.W.3d at 187. The Court of Criminal Appeals explained that this broad interpretation is inconsistent with the plain language of Section 20.04(d), which provides an incentive to kidnappers to release their kidnap victims. *Id.* The Court rejected the broad interpretation, and instead adopted a narrow interpretation, such as the absence of rescue by the police [or others] or escape by the victim, which would be more likely to effectuate the legislative purpose of Section 20.04(d) of encouraging kidnappers to release their kidnap victims. *Id.* at 188.

The *Brown* Court also rejected construction of the legislatively-undefined term "voluntarily" in Section 20.04(d) in accordance with the legislatively-defined term "voluntary" in Texas Penal Code, Section 15.04, which contains the "general renunciation defense." *Id.* at 187. "Renunciation is not voluntary if it is motivated in whole or in part ... by circumstances not present or apparent at the inception of the actor's course of conduct that increase the probability of detection or apprehension or that make more diffi-

cult the accomplishment of the objective." *Id.* at 187–88 (citing TEX. PEN.CODE ANN. § 15.04(c)(1) (Vernon 2003)). This, too, would be inconsistent with Section 20.04(d)'s purpose of providing an incentive to kidnappers to release their kidnap victims, because a kidnapper who releases his victim under circumstances not present or apparent at the time of the kidnapping would not have the incentive provided in Section 20.04(d) to release his captive. *Id.* at 188.

▮ In this case, there was controverting evidence of whether appellant placed conditions upon his release of the children. Three witnesses testified that appellant required the complainant to promise that she would reconcile with him and that she would refrain from calling the police. Appellant contradicted that testimony when he testified that he never made the complainant promise not to call the police. He testified that he told the complainant that he did not want the police at the drop-off location because he did not want a confrontation. He also testified that he did not want to reconcile with the complainant.

In our opinion before remand, we held that an action cannot be voluntary if it is conditioned upon an act of another. *Patterson,* 84 S.W.3d at 829. Based on the plain meaning of the term voluntary, we held that the jury could have rationally determined that appellant's release of the children was involuntary because his decision to release them was influenced by and conditioned on the complainant's acts—her promises to reconcile and not to inform the police. *Id.* Thus, we held that the evidence was factually sufficient to support the jury's finding that appellant did not voluntarily release the children. *Id.*

However, based on the remand instructions from the Court of Criminal Appeals, we now hold that the evidence was factually insufficient to support the jury's finding that appellant did not voluntarily release the children. This narrow interpretation of the term "voluntarily," is more likely to effectuate the legislative purpose of Section 20.04(d) of encouraging kidnappers to release their kidnap victims. *See Brown,* 98 S.W.3d at 188.

We sustain appellant's second issue.

## Extraneous Offense

In his third and fourth issues, appellant argues that his prior conviction of misdemeanor assault was improperly admitted.

Before appellant testified during the guilt/innocence stage of trial, a hearing was held to determine which of appellant's convictions could be used to impeach him. During the hearing, appellant argued that a February 1992 conviction was inadmissible based on the balancing test within Rule of Evidence 609. The trial court held that the February 1992 conviction was admissible for impeachment purposes.

▮ On appeal, appellant now argues that the use of the assault conviction as a crime of moral turpitude for impeachment purposes violates the Federal Equal Protection Clause and the Texas Equal Rights Amendment. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3a.

We note that the complaint on appeal must comport with the trial objection or nothing is presented for review. Because appellant's argument on appeal does not comport with his trial objection, he has waived these issues. TEX.R.APP. P. 33.1.

We overrule appellant's third and fourth issues.

## Conclusion

We reverse the judgment of the trial court as to punishment only and remand the cause for a new punishment hearing.