Opinion issued April 7, 2005






 


     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01040-CR




ANDRE CLEVELAND, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 960271




CONCURRING OPINION
          Because the en banc court errs in holding that an appellate court is to employ
the same standard of review “applied in civil cases” in conducting a legal sufficiency
review of a fact finder’s rejection of an accused’s defensive theory, and in overruling
Patterson v. State, 121 S.W.3d 22 (Tex. App.—Houston [1st Dist.] 2003, pet.
dism’d), I concur only in the judgment of the en banc court.
          The en banc court holds that “the proper standard in criminal cases for review
of legal-sufficiency challenges to a jury’s negative finding on an issue that the
defendant had to prove is the same standard applied in civil cases.” In overruling
Patterson, the majority emphasizes:
We discern no rational basis on which to reconcile Patterson’s
conclusion, that we lack jurisdiction to review challenges to the legal
sufficiency of the evidence to support a factfinder’s negative finding on
an issue that a criminal defendant had to prove at trial. 
However, the standard of review utilized in civil cases to determine the legal
sufficiency of the evidence in regard to a negative finding on an issue on which a
party has the burden of proof is inapplicable in the criminal law context. 
          In a civil case, when a party attacks the legal sufficiency of an adverse finding
on an issue on which the party has the burden of proof, the party “must demonstrate
on appeal that the evidence establishes, as a matter of law, all vital facts in support
of the issue.” Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (emphasis
added). In reviewing a “matter of law” challenge, the reviewing court must first 
examine the record for evidence that supports the finding, while ignoring all evidence
to the contrary. Id. If there is no evidence that supports the finding, the reviewing
court must then examine the entire record to determine if the contrary proposition is
“established as a matter of law.” Id. A point of error should be sustained only if the
contrary proposition is conclusively established. Id. Such a “matter of law”
challenge is not applicable in criminal cases where the State has the burden of
persuasion, not a burden of production, in disproving the defensive theories of an
accused. Saxton v. State, 804 S.W.2d 910, 912-13 (Tex. Crim. App. 1991). 
          In Saxton, the Court of Criminal Appeals reversed the court of appeals’ holding 
that “the State failed to produce evidence to refute [the defendant’s] claim of self-defense and that all of the evidence is uncontradicted and is consistent with self-
defense.” Id. at 912 (citation omitted). The court specifically noted that the appellate
court’s “implicit holding that [the defendant] established ‘as a matter of law’ that he
acted in self-defense is incorrect.” Id. at 912 n.4. The court disavowed its previous
use of the “as a matter of law” language in the context of the issue of self-defense,
“[g]iven that the question of whether the accused acted in self-defense is a fact issue
for the trier of fact’s determination and that ‘beyond a reasonable doubt’ is the
required level of proof.” Id. at 912 n.3. In holding that the court of appeals utilized
the wrong standard of review, the court emphasized: 
[T]he State has the burden of persuasion in disproving the evidence of
self-defense. That is not a burden of production, i.e., one which requires
the State to affirmatively produce evidence refuting the self-defense
claim, but rather a burden requiring the State to prove its case beyond a
reasonable doubt. . . . [M]ore importantly, case law instructs us that the
issue of self-defense is an issue of fact to be determined by the jury.
Defensive evidence which is merely consistent with the physical
evidence at the scene of the alleged offense will not render the State’s
evidence insufficient since the credibility determination of such
evidence is solely within the jury’s province and the jury is free to
accept or reject the defensive evidence. A jury verdict of guilty is an
implicit finding rejecting the defendant’s self-defense theory.

Id. at 913-14 (alterations in original) (citations omitted).

          Accordingly, it is now well-settled law that in reviewing the legal sufficiency
of the evidence in regard to a fact finder’s rejection of a defensive issue, “we look not
to whether the State presented evidence which refuted appellant’s [defensive
evidence], but rather we determine whether after viewing all the evidence in the light
most favorable to the prosecution, any rational trier of fact would have found the
essential elements of [the offense] beyond a reasonable doubt and also would have
found against appellant on the [defensive] issue beyond a reasonable doubt.” Id. at
914 (citations omitted).



          The issue of sudden passion, like the issue of self-defense, is an issue of fact
to be determined by the fact finder, and the fact finder is free to accept or reject
defensive evidence on the issue. Such a defensive theory, by its very nature, cannot
be conclusively established “as a matter of law” in a criminal case. The en banc
court’s holding to the contrary, i.e., that we employ the legal sufficiency standard of
review “applied in civil cases” to review an accused’s challenge to the fact finder’s
rejection of a defensive issue in a criminal case, is in error. 
 
 
 
                                                                        Terry Jennings
                                                                        Justice


En banc court consists of Chief Justice Radack and Justices Taft, Nuchia, Jennings,
Keyes, Alcala, Hanks, Higley and Bland.

Justice Jennings, concurring, joined by Justice Keyes.
Publish. Tex. R. App. P. 47.2(b).