Samuel John Major Davis v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-138-CR

SAMUEL JOHN MAJOR DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Samuel John Major Davis of the offense of sexual performance by a child and assessed his punishment at thirty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  Appellant brings a single point on appeal, arguing that the evidence is factually insufficient to support the jury’s rejection of Appellant’s affirmative defense.  Because we hold that the evidence is factually sufficient to support the jury’s rejection of Appellant’s affirmative defense, we affirm the trial court’s judgment.

S.W., the complainant, brought home a pamphlet about modeling and told her mother that she was interested in modeling.  S.W.’s mother called the contact number on the pamphlet and spoke to Appellant.  S.W. and her mother met with Appellant to discuss in detail how the modeling business worked and how much money could be made.  S.W.’s mother told Appellant that S.W. was only fifteen years old and that she did not want S.W. to take any risque photos.  A few days later, Appellant met with S.W. for a photo session.  That session went well, but in the second and third sessions, Appellant encouraged S.W. to remove her clothes.  Ultimately, Appellant took nude photos of S.W. and touched her breasts and genitals.  S.W.’s mother did not accompany her to any of the photo sessions.

After the last photo session, S.W. was quiet and withdrawn and asked to stay with friends for a few days.  When she returned home, she told her brother that Appellant wanted to photograph her nude.  S.W.’s mother then contacted the police.  A warrant was issued to search Appellant’s apartment, and the nude photos were found on Appellant’s hard drive.  Appellant admitted that he had taken the photos but stated that S.W. had told him that she was eighteen years old and that he had assumed that she was at least eighteen because she worked at a convenience store selling beer, cigarettes, and lotto tickets.

A person commits the offense of sexual performance by a child under section 43.25(b) of the Texas Penal Code “if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance.”
(footnote: 2)  At the time of the offense, the statute provided that it was an affirmative defense if “the defendant, in good faith, reasonably believed that the child who engaged in the sexual conduct was 18 years of age or older.”
(footnote: 3)  A person charged with a criminal offense must prove an affirmative defense by a preponderance of the evidence.
(footnote: 4)  When a criminal defendant challenges the jury’s rejection of his affirmative defense on the ground that the evidence is factually insufficient to support the rejection, the reviewing court must consider all the evidence relevant to the point and determine whether the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.
(footnote: 5)
 In the case now before this court, S.W.’s mother testified that she told Appellant that her daughter was only fifteen years old at the time she agreed to allow her daughter to be photographed.  Appellant insisted that he believed that S.W. was at least eighteen years of age.  He said that he was first attracted to her while she was selling beer at a convenience store and that he believed that she would not have been allowed to sell the beer unless she were at least eighteen years of age.  Section 106.09 of the Texas Alcoholic Beverage Code provides that “no person may employ a person under 18 years of age to sell, prepare, serve, or otherwise handle liquor, or to assist in doing so.”
(footnote: 6)  Section 71.03 makes this provision applicable to convenience store owners who sell beer.
(footnote: 7)  Both S.W. and her mother conceded that S.W. did sell beer at the convenience store.

Appellant also claimed that S.W. told him that she was eighteen years old and that her boyfriend was twenty-five.  Appellant had consistently stated the reasons for his belief that S.W. was eighteen years of age from his first conversations with police officers.

Although the reviewing court must determine whether the verdict is so against the great weight and preponderance of the evidence as to be manifestly  unjust,
(footnote: 8) the members of the jury are the sole judges of the credibility of the witnesses and of the weight to be given their testimony.
(footnote: 9)  It is not the proper function of a reviewing court to retry the case and to substitute its own judgment for that of the jury.
(footnote: 10)  We, therefore, do not totally reweigh the evidence.
(footnote: 11)  Rather, we step in to set aside the jury’s verdict only when, after considering all the evidence in a neutral light, we determine that no rational trier of fact could have reached the conclusion reached by the jury.

In the case now before this court, we have a traditional swearing match.  The mother testified that she informed Appellant that her daughter was only fifteen years old at their first meeting.  Even if Appellant believed that S.W. was eighteen years of age before his conversation with her mother, a jury could have found that his continued belief after the conversation was not reasonable.  This determination by the jury is not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

Because we hold that the evidence is factually sufficient to support the jury’s rejection of Appellant’s affirmative defense, we overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 43.25(b) (Vernon Supp. 2004-05).

3:
Act eff. Sept. 1, 1994, 73
rd
 Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3684, 
amended by
 Act eff. Sept. 1, 2003, 78
th
 Leg., R.S., ch. 1005, § 5, 2003 Tex. Gen. Laws 2944, 2945 (removing this affirmative defense from the statute).

4:
Tex. Penal Code Ann.
 § 2.04(d) (Vernon 2003).

5:
Meraz v. State
, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990)
; Howard v. State
, 145 S.W.3d 327, 335 (Tex. App.—Fort Worth 2004, no pet.)
.

6:
Tex. Alco. Bev. Code Ann.
 § 106.09(a) (Vernon Supp. 2004-05).

7:
Id.
 § 71.03(c)(3) (Vernon 1995).

8:
Meraz
, 785 S.W.2d at 155; 
Howard
, 145 S.W.3d at 335.

9:
Bonham v. State
, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), 
cert. denied
, 474 U.S. 865 (1985).

10:
See King v. State
, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

11:
See id.