COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-138-CR
 
 
SAMUEL 
JOHN MAJOR DAVIS                                               APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Samuel John Major Davis of the offense of sexual 
performance by a child and assessed his punishment at thirty years’ 
confinement in the Institutional Division of the Texas Department of Criminal 
Justice.  The trial court sentenced him accordingly.  Appellant brings 
a single point on appeal, arguing that the evidence is factually insufficient to 
support the jury’s rejection of Appellant’s affirmative defense.  
Because we hold that the evidence is factually sufficient to support the 
jury’s rejection of Appellant’s affirmative defense, we affirm the trial 
court’s judgment.
        S.W., 
the complainant, brought home a pamphlet about modeling and told her mother that 
she was interested in modeling.  S.W.’s mother called the contact number 
on the pamphlet and spoke to Appellant.  S.W. and her mother met with 
Appellant to discuss in detail how the modeling business worked and how much 
money could be made.  S.W.’s mother told Appellant that S.W. was only 
fifteen years old and that she did not want S.W. to take any risqué photos.  
A few days later, Appellant met with S.W. for a photo session.  That 
session went well, but in the second and third sessions, Appellant encouraged 
S.W. to remove her clothes.  Ultimately, Appellant took nude photos of S.W. 
and touched her breasts and genitals.  S.W.’s mother did not accompany 
her to any of the photo sessions.
        After 
the last photo session, S.W. was quiet and withdrawn and asked to stay with 
friends for a few days.  When she returned home, she told her brother that 
Appellant wanted to photograph her nude. S.W.’s mother then contacted the 
police.  A warrant was issued to search Appellant’s apartment, and the 
nude photos were found on Appellant’s hard drive.  Appellant admitted 
that he had taken the photos but stated that S.W. had told him that she was 
eighteen years old and that he had assumed that she was at least eighteen 
because she worked at a convenience store selling beer, cigarettes, and lotto 
tickets.
        A 
person commits the offense of sexual performance by a child under section 
43.25(b) of the Texas Penal Code “if, knowing the character and content 
thereof, he employs, authorizes, or induces a child younger than 18 years of age 
to engage in sexual conduct or a sexual performance.”[2]  
At the time of the offense, the statute provided that it was an affirmative 
defense if “the defendant, in good faith, reasonably believed that the child 
who engaged in the sexual conduct was 18 years of age or older.”[3]  A person charged with a criminal offense must prove 
an affirmative defense by a preponderance of the evidence.[4]  
When a criminal defendant challenges the jury’s rejection of his affirmative 
defense on the ground that the evidence is factually insufficient to support the 
rejection, the reviewing court must consider all the evidence relevant to the 
point and determine whether the verdict is so against the great weight and 
preponderance of the evidence as to be manifestly unjust.[5]
        In 
the case now before this court, S.W.’s mother testified that she told 
Appellant that her daughter was only fifteen years old at the time she agreed to 
allow her daughter to be photographed.  Appellant insisted that he believed 
that S.W. was at least eighteen years of age.  He said that he was first 
attracted to her while she was selling beer at a convenience store and that he 
believed that she would not have been allowed to sell the beer unless she were 
at least eighteen years of age.  Section 106.09 of the Texas Alcoholic 
Beverage Code provides that “no person may employ a person under 18 years of 
age to sell, prepare, serve, or otherwise handle liquor, or to assist in doing 
so.”[6]  Section 71.03 makes this provision 
applicable to convenience store owners who sell beer.[7]  
Both S.W. and her mother conceded that S.W. did sell beer at the convenience 
store.
        Appellant 
also claimed that S.W. told him that she was eighteen years old and that her 
boyfriend was twenty-five.  Appellant had consistently stated the reasons 
for his belief that S.W. was eighteen years of age from his first conversations 
with police officers.
        Although 
the reviewing court must determine whether the verdict is so against the great 
weight and preponderance of the evidence as to be manifestly unjust,[8] the members of the jury are the sole judges of the 
credibility of the witnesses and of the weight to be given their testimony.[9] It is not the proper function of a reviewing court to 
retry the case and to substitute its own judgment for that of the jury.[10]  We, therefore, do not totally reweigh the 
evidence.[11]  Rather, we step in to set aside 
the jury’s verdict only when, after considering all the evidence in a neutral 
light, we determine that no rational trier of fact could have reached the 
conclusion reached by the jury.
        In 
the case now before this court, we have a traditional swearing match.  The 
mother testified that she informed Appellant that her daughter was only fifteen 
years old at their first meeting.  Even if Appellant believed that S.W. was 
eighteen years of age before his conversation with her mother, a jury could have 
found that his continued belief after the conversation was not reasonable.  
This determination by the jury is not so contrary to the great weight and 
preponderance of the evidence as to be manifestly unjust.
        Because 
we hold that the evidence is factually sufficient to support the jury’s 
rejection of Appellant’s affirmative defense, we overrule Appellant’s sole 
point and affirm the trial court’s judgment.
  
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
    
  
PANEL 
B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 3, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Tex. Penal Code Ann. § 43.25(b) 
(Vernon Supp. 2004-05).
3.  
Act eff. Sept. 1, 1994, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. 
Gen. Laws 3586, 3684, amended by Act eff. Sept. 1, 2003, 78th 
Leg., R.S., ch. 1005, § 5, 2003 Tex. Gen. Laws 2944, 2945 (removing this 
affirmative defense from the statute).
4.  
Tex. Penal Code Ann. § 2.04(d) 
(Vernon 2003).
5.  
Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990); Howard v. 
State, 145 S.W.3d 327, 335 (Tex. App.—Fort Worth 2004, no pet.).
6.  
Tex. Alco. Bev. Code Ann. § 
106.09(a) (Vernon Supp. 2004-05).
7.  
Id. § 71.03(c)(3) (Vernon 1995).
8.  
Meraz, 785 S.W.2d at 155; Howard, 145 S.W.3d at 335.
9.  
Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), cert. 
denied, 474 U.S. 865 (1985).
10.  
See King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).
11.  
See id.