COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-335-CR

DAVID SCOTT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Scott appeals from his convictions for attempted arson of a habitation and attempted arson of a vehicle.  In two points, he argues the evidence is legally and factually insufficient to support the trial court’s rejection of his renunciation defense.  We affirm.

Background

A grand jury indicted Appellant for attempted capital murder, arson of a habitation, and arson of a vehicle by pouring gasoline on the home and vehicle of complainants Carol Alruwaili and Najjma Alruwaili and starting a fire. Pursuant to a plea agreement, the State abandoned the attempted capital murder charge, Appellant entered an open plea of guilty to attempted arson of a habitation and attempted arson of a vehicle, and the trial court found him guilty. 

The issue of punishment was tried to the court.  Appellant testified in his defense.  The record shows that in the early morning hours of November 6, 2005, Appellant got drunk and high on cocaine and marijuana.  Walking part of the way and riding a bicycle part of the way, he went to the home of his fifteen-year-old ex-girlfriend, Najjma, who lived with her parents.  Once there, he attempted to call her on his cell phone.  Najjma hung up on him the first time he called; the second and third times he called, one of Najjma’s friends cursed at him.  Appellant testified that he became “real angry” and described his mood as “storming” and “raging.”  

He found a gasoline can lying near the house, and he poured gasoline on the house and the car in the driveway.  Appellant testified, “I wanted to light it on fire.  But every time I lit a piece of paper, it just, like, kept going out.  I’d try to find something else.  It kept going out.”  Appellant denied that the gasoline ever ignited.  The following colloquy then occurred between him and his counsel:

Q. At some point did you change your mind about what you were doing?

A. Yes, sir, I did.

Q. And what were you thinking at that time as far as what you were doing?

A. By then, like, the -- you know, the drugs and alcohol was, like, wearing off.  I was sobering up.  It was kind of chilly outside, too.  And I just started thinking, you know, saying I’m tripping, you know.  Like, I just threw the gasoline can on the ground, threw the piece of paper on the ground.  I didn’t try to cover nothing or hide nothing up.  And I walked off, you know.

Q. So you decided to abandon your effort.

A. Yes, sir.

Q. Is that right?

A. Yes, sir.

. . . .

Q. [A]t what point did you decide that you weren’t going to proceed with this crime?

A. Just standing there, you know, I was thinking like -- you know what I’m saying? . . . I don’t even need to be doing this.  So I threw the gasoline can on the ground, threw the paper on the ground, and I walked off . . . .

Q. Was it voluntary on your part?

A. Yes, sir. . . .

Q. There wasn’t anything, anything outside -- any other factors involved other than your decision that you weren’t going to do that?

A. No, sir.  It was just me.  It was dark.  There was nobody coming down the streets or neighbors looking out windows.  There was nothing like that. 

The State also introduced into evidence Appellant’s written statement to police, in which he stated that he threw burning paper on the car in an attempt to set the gasoline on fire. 

Fire Marshal Ricky Jones, who examined the scene later that morning, found several pieces of charred paper that appeared to have been set on fire. Although Appellant testified that the gasoline never ignited, Jones testified that gasoline on both the car and the house ignited and burned briefly. 

Carol Alruwaili, Najjma’s mother, testified that she awoke between 4:00 and 5:00 a.m. on the morning in question and noticed the very strong odor of gasoline in the house.  Following the odor through the house, she determined that it was coming from outside the garage.  She opened the door and thought that she saw a person crouched in the bushes.  Alruwaili went back into the house, turned on an exterior light, went back outside, and found a gas can in the bushes.  She immediately called 911.

During punishment-phase argument, Appellant’s counsel argued that Appellant had renounced his criminal objective and was entitled to a one-grade reduction in punishment under penal code section 15.04(d).  
See
 
Tex. Penal Code Ann. §
 15.04(d) (Vernon 2003).  The trial court sentenced Appellant to ten years’ confinement for attempted arson of a vehicle and seventeen years’ confinement for attempted arson of a habitation. 

Attempted Arson

A person commits arson if the person starts a fire, regardless of whether the fire continues after ignition, with intent to destroy or damage any habitation or vehicle.  
Id
. § 28.02(a)(2) (Vernon Supp. 2006).  Arson of a habitation is a first degree felony, and arson of a vehicle is a second degree felony.  
Id.
 § 28.02(d).  A person commits attempted arson if, with specific intent to commit arson, he does an act that amounts to more than mere preparation but fails to effect the commission of arson.  
Id.
 § 15.01(a).  Attempted arson is one punishment grade lower than arson, i.e., attempted arson of a habitation is a second degree felony and attempted arson of a vehicle is a state jail felony.  
See
 
id. 
§ 15.01(d).

Renunciation

Penal code section 15.04(d) allows admission of evidence of renunciation in mitigation of punishment for inchoate offenses. 
 
Id.  
Evidence that a defendant renounced his criminal objective by abandoning his criminal conduct before the criminal offense was committed and that he made a substantial effort to prevent commission of the object offense is admissible as mitigation evidence at the hearing on punishment if he has been found guilty of criminal attempt.  
Id.  
If the factfinder finds that the defendant renounced his criminal objective, the punishment shall be one grade lower than that provided for the offense committed.  
Id.

Standard of Review

Renunciation
 of an inchoate offense under section 15.04(d) is a punishment-phase affirmative defense.  
See Hall v. State
, 160 S.W.3d 24, 38-39 (Tex. Crim. App. 2004), 
cert. denied
, 545 U.S. 1141
 (2005)
.  The defendant has the burden of proving an affirmative defense by a preponderance of the evidence.  
Tex. Penal Code Ann
. § 2.04(d) (Vernon 2003).

When reviewing the legal sufficiency of the fact-finder’s implicit rejection of an affirmative defense
, we review all of the evidence in a neutral light.  
Cain v. State
, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).  We must first examine the record for evidence supporting the trial court’s implicit finding rejecting the  defense, ignoring all evidence to the contrary.  
See Cleveland v. State
, 177 S.W.3d 374, 387 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d) (en banc), 
cert. denied
, 547 U.S. 1073 (2006);
 Howard v. State
, 145 S.W.3d 327, 333-35 (Tex. App.—Fort Worth 2004, no pet.).  If there is no evidence to support the implied finding, then we must examine the entire record to see if appellant proved the affirmative defense as a matter of law.  
Cleveland
, 177 S.W.3d at 387; 
Howard
, 145 S.W.3d at 333-35.

When reviewing the factual sufficiency of the fact-finder’s implicit rejection of an affirmative defense
, we must consider all the evidence relevant to the affirmative defense
 and determine whether the 
judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust.  
Meraz v. State
, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990).  In our review, we may not usurp the function of the trial court acting as the trier of fact by substituting our judgment in the place of its
 judgment.  
See id.
 at 154.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have voted to acquit as jurors.  
Watson v. State
, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  We may sustain this point only if, after detailing the relevant evidence and stating in what regard the contrary evidence greatly outweighs the evidence supporting the
 judgment, we also clearly state why the 
judgment is so against the great weight of the evidence as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias.  
Meraz
, 785 S.W.2d at 154 n.2; 
see Clewis v. State
, 922  S.W.2d 126, 135-36 (Tex. Crim. App. 1996).

Discussion

Applying the appropriate standards of review, we hold that the evidence is legally and factually sufficient to support the trial court’s implicit rejection of Appellant’s renunciation defense.
(footnote: 2)  Appellant testified that he tried but failed to ignite the gasoline, but Fire Marshal Jones testified that the gasoline was ignited on both the house and the car but failed to sustain combustion.  Under section 28.02’s definition of arson—starting a fire, regardless of whether the fire continues after ignition, with the intent to destroy or damage a habitation or vehicle—this testimony not only supports the rejection of Appellant’s renunciation defense, but tends to show that he actually succeeded in committing the offense of arson before he left the scene.  
See
 
Tex. Penal Code Ann. §
 28.02(a).  A reasonable factfinder could also conclude from Carol Alruwaili’s testimony that Appellant was hiding in the bushes outside her door and abandoned his attempt to burn down the house only when she turned on the outside light.  Thus, the evidence is legally sufficient to support the trial court’s rejection of the renunciation defense.  
See 
Cleveland
, 177 S.W.3d at 387; 
Howard
, 145 S.W.3d at 333-35
.  Further, considering all the evidence relevant to renunciation, we cannot say that the trial court’s rejection of the defense is so against the great weight and preponderance of the evidence as to be manifestly unjust; thus, the evidence is factually sufficient.

We overrule Appellant’s two points, and we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The State argues that the ten-year sentence for attempted arson of a vehicle shows that the trial court 
accepted
 the renunciation defense with regard to that offense.  We disagree.  Arson of a vehicle is a second degree felony.  
Tex. Penal Code Ann. §
 28.02(a)(2), (d).  Thus, attempted arson of a vehicle is a third degree felony.  
Id.
 § 15.01(d).  The trial court’s ten-year sentence is the maximum term of confinement for a third-degree felony.  
Id.
 § 12.34 (Vernon 2003).  If the trial court had accepted Appellant’s renunciation defense, the offense would be punishable as a state-jail felony, for which the maximum sentence is two years.  
See id. § 
12.35(a), 15.04(d).  Thus, Appellant’s ten-year sentence for attempted arson of a vehicle shows that the trial court rejected his renunciation defense.