COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-335-CR

 

 

DAVID SCOTT                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant David Scott appeals
from his convictions for attempted arson of a habitation and attempted arson of
a vehicle.  In two points, he argues the
evidence is legally and factually insufficient to support the trial court=s rejection of his renunciation defense.  We affirm.

 








                                            Background

A grand jury indicted
Appellant for attempted capital murder, arson of a habitation, and arson of a
vehicle by pouring gasoline on the home and vehicle of complainants Carol
Alruwaili and Najjma Alruwaili and starting a fire. Pursuant to a plea
agreement, the State abandoned the attempted capital murder charge, Appellant
entered an open plea of guilty to attempted arson of a habitation and attempted
arson of a vehicle, and the trial court found him guilty. 

The issue of punishment was
tried to the court.  Appellant testified
in his defense.  The record shows that in
the early morning hours of November 6, 2005, Appellant got drunk and high on
cocaine and marijuana.  Walking part of
the way and riding a bicycle part of the way, he went to the home of his
fifteen-year-old ex-girlfriend, Najjma, who lived with her parents.  Once there, he attempted to call her on his
cell phone.  Najjma hung up on him the
first time he called; the second and third times he called, one of Najjma=s friends cursed at him. 
Appellant testified that he became Areal angry@ and
described his mood as Astorming@ and Araging.@  








He found a gasoline can lying
near the house, and he poured gasoline on the house and the car in the driveway.  Appellant testified, AI wanted to light it on fire. 
But every time I lit a piece of paper, it just, like, kept going
out.  I=d try to find something else. 
It kept going out.@  Appellant denied that the gasoline ever
ignited.  The following colloquy then
occurred between him and his counsel:

Q.     At some point did you change your mind
about what you were doing?

 

A.     Yes, sir, I did.

 

Q.     And what were you thinking at that time as
far as what you were doing?

 

A.     By then, like, the -- you know, the drugs
and alcohol was, like, wearing off.  I
was sobering up.  It was kind of chilly
outside, too.  And I just started
thinking, you know, saying I=m tripping, you know.  Like, I just threw the gasoline can on the
ground, threw the piece of paper on the ground. 
I didn=t try
to cover nothing or hide nothing up.  And
I walked off, you know.

 

Q.     So you decided to abandon your effort.

 

A.     Yes, sir.

 

Q.     Is that right?

 

A.     Yes, sir.

 

. . . .

 

Q.     [A]t what point did you decide that you
weren=t
going to proceed with this crime?

 

A.     Just standing there, you know, I was
thinking like -- you know what I=m saying? . . . I don=t
even need to be doing this.  So I threw
the gasoline can on the ground, threw the paper on the ground, and I walked off
. . . .

 








Q.     Was it voluntary on your part?

 

A.     Yes, sir. . . .

 

Q.     There wasn=t
anything, anything outside -- any other factors involved other than your
decision that you weren=t
going to do that?

 

A.     No, sir.  It was just
me.  It was dark.  There was nobody coming down the streets or
neighbors looking out windows.  There was
nothing like that. 

 

The State also introduced into evidence Appellant=s written statement to police, in which he stated that he threw
burning paper on the car in an attempt to set the gasoline on fire. 

Fire Marshal Ricky Jones, who
examined the scene later that morning, found several pieces of charred paper
that appeared to have been set on fire. Although Appellant testified that the
gasoline never ignited, Jones testified that gasoline on both the car and the
house ignited and burned briefly. 

Carol Alruwaili, Najjma=s mother, testified that she awoke between 4:00 and 5:00 a.m. on the
morning in question and noticed the very strong odor of gasoline in the
house.  Following the odor through the
house, she determined that it was coming from outside the garage.  She opened the door and thought that she saw
a person crouched in the bushes. 
Alruwaili went back into the house, turned on an exterior light, went
back outside, and found a gas can in the bushes.  She immediately called 911.








During punishment-phase
argument, Appellant=s counsel
argued that Appellant had renounced his criminal objective and was entitled to
a one-grade reduction in punishment under penal code section 15.04(d).  See Tex.
Penal Code Ann. ' 15.04(d) (Vernon 2003).  The
trial court sentenced Appellant to ten years= confinement for attempted arson of a vehicle and seventeen years= confinement for attempted arson of a habitation. 

                                         Attempted Arson

A person commits arson if the
person starts a fire, regardless of whether the fire continues after ignition,
with intent to destroy or damage any habitation or vehicle.  Id. ' 28.02(a)(2) (Vernon Supp. 2006). 
Arson of a habitation is a first degree felony, and arson of a vehicle
is a second degree felony.  Id. ' 28.02(d).  A person commits
attempted arson if, with specific intent to commit arson, he does an act that
amounts to more than mere preparation but fails to effect the commission of
arson.  Id. ' 15.01(a).  Attempted arson
is one punishment grade lower than arson, i.e., attempted arson of a habitation
is a second degree felony and attempted arson of a vehicle is a state jail
felony.  See id. ' 15.01(d).

                                            Renunciation








Penal code section 15.04(d)
allows admission of evidence of renunciation in mitigation of punishment for
inchoate offenses.  Id.  Evidence that a defendant renounced his
criminal objective by abandoning his criminal conduct before the criminal
offense was committed and that he made a substantial effort to prevent
commission of the object offense is admissible as mitigation evidence at the
hearing on punishment if he has been found guilty of criminal attempt.  Id. 
If the factfinder finds that the defendant renounced his criminal objective,
the punishment shall be one grade lower than that provided for the offense
committed.  Id.

                                       Standard of Review

Renunciation of an inchoate
offense under section 15.04(d) is a punishment-phase affirmative defense.  See Hall v. State, 160 S.W.3d 24,
38-39 (Tex. Crim. App. 2004), cert. denied, 545 U.S. 1141 (2005).  The defendant has the burden of proving an
affirmative defense by a preponderance of the evidence.  Tex.
Penal Code Ann. ' 2.04(d) (Vernon
2003).








When reviewing the legal
sufficiency of the fact-finder=s implicit rejection of an affirmative defense, we review all of the
evidence in a neutral light.  Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).  We must first examine the record for evidence
supporting the trial court=s implicit finding rejecting the 
defense, ignoring all evidence to the contrary.  See Cleveland v. State, 177 S.W.3d 374,
387 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d) (en
banc), cert. denied, 547 U.S. 1073 (2006); Howard v. State, 145
S.W.3d 327, 333-35 (Tex. App.CFort Worth 2004, no pet.).  If
there is no evidence to support the implied finding, then we must examine the
entire record to see if appellant proved the affirmative defense as a matter of
law.  Cleveland, 177 S.W.3d at
387; Howard, 145 S.W.3d at 333-35.

When reviewing the factual
sufficiency of the fact-finder=s implicit rejection of an affirmative defense, we must consider all
the evidence relevant to the affirmative defense and determine whether the
judgment is so against the great weight and preponderance of the evidence as to
be manifestly unjust.  Meraz v. State,
785 S.W.2d 146, 155 (Tex. Crim. App. 1990). 
In our review, we may not usurp the function of the trial court acting
as the trier of fact by substituting our judgment in the place of its
judgment.  See id. at 154.  We cannot conclude that a conviction is
clearly wrong or manifestly unjust simply because we would have voted to acquit
as jurors.  Watson v. State, 204
S.W.3d 404, 417 (Tex. Crim. App. 2006). 
We may sustain this point only if, after detailing the relevant evidence
and stating in what regard the contrary evidence greatly outweighs the evidence
supporting the judgment, we also clearly state why the judgment is so against
the great weight of the evidence as to be manifestly unjust, why it shocks the
conscience, or why it clearly demonstrates bias.  Meraz, 785 S.W.2d at 154 n.2; see
Clewis v. State, 922  S.W.2d 126,
135-36 (Tex. Crim. App. 1996).








                                             Discussion








Applying the appropriate
standards of review, we hold that the evidence is legally and factually
sufficient to support the trial court=s implicit rejection of Appellant=s renunciation defense.[2]  Appellant testified that he tried but failed
to ignite the gasoline, but Fire Marshal Jones testified that the gasoline was
ignited on both the house and the car but failed to sustain combustion.  Under section 28.02=s definition of arsonCstarting a fire, regardless of whether the fire continues after
ignition, with the intent to destroy or damage a habitation or vehicleCthis testimony not only supports the rejection of Appellant=s renunciation defense, but tends to show that he actually succeeded
in committing the offense of arson before he left the scene.  See Tex.
Penal Code Ann. ' 28.02(a).  A reasonable
factfinder could also conclude from Carol Alruwaili=s testimony that Appellant was hiding in the bushes outside her door
and abandoned his attempt to burn down the house only when she turned on the
outside light.  Thus, the evidence is
legally sufficient to support the trial court=s rejection of the renunciation defense.  See Cleveland, 177 S.W.3d at 387; Howard,
145 S.W.3d at 333-35.  Further,
considering all the evidence relevant to renunciation, we cannot say that the
trial court=s rejection
of the defense is so against the great weight and preponderance of the evidence
as to be manifestly unjust; thus, the evidence is factually sufficient.

We overrule Appellant=s two points, and we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]The
State argues that the ten-year sentence for attempted arson of a vehicle shows
that the trial court accepted the renunciation defense with regard to
that offense.  We disagree.  Arson of a vehicle is a second degree
felony.  Tex. Penal Code Ann. '
28.02(a)(2), (d).  Thus, attempted arson
of a vehicle is a third degree felony.  Id.
' 15.01(d).  The trial court=s
ten-year sentence is the maximum term of confinement for a third-degree
felony.  Id. ' 12.34
(Vernon 2003).  If the trial court had
accepted Appellant=s
renunciation defense, the offense would be punishable as a state-jail felony,
for which the maximum sentence is two years. 
See id. ' 12.35(a),
15.04(d).  Thus, Appellant=s
ten-year sentence for attempted arson of a vehicle shows that the trial court
rejected his renunciation defense.