IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00065-CR

 

Bridgett Lavell Roberson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 09-00811-CRF-272

 



MEMORANDUM  Opinion










 

            Bridgett Lavell Roberson was
convicted, after a bench trial, of assault on a public servant and sentenced to
8 years in prison.  See Tex.
Penal Code Ann. § 22.01(b)(1) (West 2011).  Because there was evidence
supporting the trial court’s rejection of Roberson’s insanity defense and
because Roberson’s issue regarding judicial cross-examination was not
preserved, the trial court’s judgment is affirmed.

Background

            Roberson was in the Brazos
County Jail for an unrelated offense.  She was placed in a “violent cell” and
had been there for at least one shift of the jailers.  While jail officers were
trying to place Roberson in a restraint chair, Roberson slapped Officer Joan
Burns and bit Officer D Anne Hudson.  Roberson bit a chunk of flesh out of
Hudson’s arm.  She openly chewed and then swallowed the flesh so that Hudson
could see.  The wound required Hudson to go to the hospital for extensive
treatment.  At trial, Roberson pled not guilty by reason of insanity.  The
trial court rejected Roberson’s insanity plea.

Insanity Defense

Roberson argues in her first issue that
the evidence was legally insufficient to support the trial court’s rejection of
her insanity defense.  

Texas law excuses a defendant from
criminal responsibility if the defendant proves the affirmative defense of insanity
by a preponderance of the evidence.  Tex.
Penal Code Ann. §§ 2.04(d); 8.01(a) (West 2011).  The test for
determining insanity is whether, at the time of the conduct charged, the
defendant-as a result of a severe mental disease or defect-did not know that
the conduct was "wrong."  Ruffin v. State, 270 S.W.3d 586, 592
(Tex. Crim. App. 2008); Tex. Penal Code
Ann. § 8.01(a) (West 2011).  Under Texas law, "wrong" in this
context means "illegal."  Bigby v. State, 892 S.W.2d 864, 878
(Tex. Crim. App. 1994).  

The issue of insanity is not strictly
medical; it also invokes both legal and ethical considerations.  Bigby,
892 S.W.2d at 877.  The question of insanity should focus on whether a
defendant understood the nature and quality of the action and whether it was an
act she ought to do.  Bigby, 892 S.W.2d at 878 (citing Zimmerman v.
State, 215 S.W. 101, 105 (1919) (on rehearing)).  By accepting and
acknowledging her action is "illegal" by societal standards, a
defendant understands that others would believe her conduct is
"wrong."  Bigby v. State, 892 S.W.2d 864, 878 (Tex. Crim. App.
1994).

Roberson contends that the proper
standard of review when determining whether the evidence is legally
insufficient to support the trial court’s rejection of her insanity defense is
the same standard that is applied in civil cases.  That is, the reviewing court
must first examine the record for evidence that supports the negative “finding”
while ignoring all evidence to the contrary, and if no evidence supports the
negative “finding,” the entire record is examined to determine whether it
establishes the contrary proposition as a matter of law.  Cleveland v. State,
177 S.W.3d 374, 387 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d); Howard
v. State, 145 S.W.3d 327, 333-334 (Tex. App.—Fort Worth 2004, no pet.).  See
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).  The State
cites to a different standard of review, but does not contest Roberson’s
version of the standard.  Actually, the standard cited by the State is the
factual sufficiency standard.  Roberson’s issue is one of legal insufficiency. 
We conclude that the legal sufficiency standard as described by Roberson is the
correct standard of review, and we will review the evidence in light of that
standard.  Smith v. State, ___ S.W.3d. ___, 2011 Tex. App. LEXIS 2426
(Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet. h.) (publish); See
Moranza v. State, 913 S.W.2d 718, 723 (Tex. App.—Waco 1995, pet. ref'd).[1]

Before the incident, Roberson had been
placed in the “violent cell,” but she kept trying to escape when the jail
officers would check on her.  Intermittently, Roberson would “holler and
scream” and then would stop and ask questions.  If she did not get the answer
she wanted, Roberson would start screaming again.  After the incident, Roberson
apologized to Hudson when Hudson returned from the hospital.  A day or so
later, Roberson told Officer Burns, that she remembered hitting Burns in the
face and would do it again if she had the opportunity.  

After treatment at the Austin State
Hospital for about two weeks, Roberson returned to the Brazos County Jail, and
during a confrontation in which other inmates were trying to make Roberson
behave, Roberson threatened that she would bite an inmate and an officer again
if she had to.  Roberson was also heard singing, “I bit the sheriff but I
didn’t shoot the deputy.”  The next time Hudson saw Roberson, Roberson stated
to her, “I know you.  You tastes good.”  Additionally, when she learned that
her charge associated with this incident prevented her from returning to Austin
State Hospital, Roberson initially became angry and said that she could “do the
time.”  But when it was explained to her that her actions in jail could impact
her sentence, Roberson apologized and promised to improve her behavior.  None
of the officers who testified at Roberson’s trial ever had difficulty
communicating with Roberson.  Further, the court-appointed psychologist stated
that Roberson may have known her action was illegal.

After reviewing the record, we find that
there is ample evidence to support the trial court’s rejection of Roberson’s
insanity defense.  Thus, under the standard of review cited by Roberson, we
need not review the entire record to determine whether insanity is established as
a matter of law.  Roberson’s first issue is overruled.

Judicial
Cross-Examination

            Roberson argues in her
second issue that the trial court abused its discretion by subjecting Roberson
to judicial cross-examination during the punishment phase of the trial. 
Roberson did not object to the questioning by the trial court but contends on
appeal that the questioning was fundamental error because the trial court
abandoned its neutral and detached role; and thus, no objection was required.  


Texas Rule of Appellate Procedure 33.1
provides that, in general, as a prerequisite to presenting a complaint for
appellate review, the record must show a timely, specific objection and a
ruling by the trial court.  Tex. R. App.
P. 33.1.  See Layton v. State, 280 S.W.3d 235, 238 (Tex.
Crim. App. 2009); Neal v. State, 150 S.W.3d 169, 175 (Tex. Crim. App.
2004).  Unpreserved error may be reviewed if the error is a fundamental error
that affects a defendant's substantial rights.  Tex. R. Evid. 103(d); Marin v. State, 851 S.W.2d 275,
279-80 (Tex. Crim. App. 1993).  However, there are few rights that must be
affirmatively waived and may therefore be raised for the first time on appeal. 
Marin, 851 S.W.2d at 280.  See Saldano v. State, 70 S.W.3d
873, 887 (Tex. Crim. App. 2002) (“All but the most fundamental rights are
thought to be forfeited if not insisted upon by the party to whom they
belong.”)

Roberson took the stand to testify
during punishment.  The trial court’s questioning took place after Roberson’s
counsel passed her as a witness and is as follows.

Q.        Ms. Roberson I have a question
for you.

A.        Yes, sir.

Q.        There was testimony in your
trial that about a month after this incident when Officer Hudson came back on
to the job and you were back from ASH that you saw her and said, “I remember
you.  You taste good.”

 

A.        No, Sir.

Q.        Do you remember saying that?

A.        No, sir, I don’t.

Q.        You would have been on your
medication then.  Is that correct.

A.        I wasn’t on my medication.

Q.        After you came back from ASH?

A.        They give me my medication at
ASH.

Q.        They didn’t give you
medication at ASH?

A.        They did.  They give me
medication at ASH.

Q.        You don’t believe that you
said that at that time?

A.        I heard it.

Q.        “I remember you.  You taste
good.”

A.        Someone said I said that.  I
don’t know.  Yes, sir.

It is clear from this record that the
questions addressed to Roberson were for the purpose of clarifying an issue
before the court and that the trial court during the questioning maintained a
neutral and detached role.  Thus, an objection was required.  See Brewer
v. State, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978).  Accordingly,
Roberson’s second issue is not preserved and is overruled.

Conclusion

            Having overruled each of
Roberson’s issues on appeal, we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed June 15, 2011

Do
not publish

[CR25]









[1]
There is some question whether Brooks in some manner changed the
standard of review on issues the defendant must prove by a preponderance of the
evidence, such as insanity.  We believe Brooks does not change the
standard in such cases.  See Bernard v. State, ___ S.W.3d. ___, 2011
Tex. App. LEXIS 2693 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, no pet. h.)
(publish).